# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOBBY X. MCCURDY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  20-3458** |
| | : | |
| **SECRT. JOHN WETZEL,** *et al.* | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                      **October 16, 2020**

An incarcerated man claiming Pennsylvania prison officials lost and harmed his personal property when transferring him from one prison to another cannot proceed under a due process constitutional claim if he is afforded notice and an opportunity to be heard in the state grievance or litigation process challenging his lost or injured personal property.  We today address an incarcerated man's motion to proceed *in forma pauperis* seeking to sue Pennsylvania prison officials. We find he may proceed without paying the filing fees before our review.  But under Congress' mandate, we must dismiss his claim as lacking merit.  He does not state a civil rights claim under the Fourteenth Amendment due process clause since he admits pursuing and exhausting the prison grievance procedures.  We find no possible claim under another federal law warranting leave to amend.  We grant him leave to proceed *in forma pauperis* but dismiss his case with prejudice.

## I.    **Alleged *pro se* facts**

The Commonwealth maintained custody over Bobby X. McCurdy at SCI-Graterford before July 2018.[1] On July 14, 2018, the Commonwealth's Department of Corrections transferred Mr. McCurdy and his personal photographs, legal documents, and other personal property from the soon-to-be closed SCI-Graterford to SCI-Phoenix, a brand new neighboring facility. An

unidentified correctional officer wearing all black clothing controlled his every movement. Secretary John Wetzel and Superintendent Tammy Ferguson attended the transfer and a Capt. Giles spoke with him.[2]   An unidentified person lost some of his personal property.

Mr. McCurdy filed a grievance with the Department of Corrections. He reached a final appeal to the Department's "central office" before losing his grievance.

## II.   Analysis

Mr. McCurdy now seeks to sue Secretary Wetzel, Superintendent Ferguson, Kenneth Goodman, John/Jane Doe members of C.E.R.T.[3] and Major Gena Clark without paying the filing fees before proceeding.  He alleges prison officials deprived him of his constitutional rights when they played some undefined role in the loss of his personal photos and legal documents and harm to his foot locker in transferring him from SCI Graterford to SCI Phoenix.[4]  He seeks compensatory and punitive damages jointly and severally from each state actor's "failure of duty to act, investigate, and report against any and all July 14, 2018 unlawful, illegal, intentional, willful, deliberately indifferent, reckless and omissions, admissions, [illegible], D.O.C. policy breaching, [illegible], malfeasance, [illegible], racist methodical expressions, malicious deception, and [illegible] of from July 3, 2018 through July 18, 2020."[5]

### A.   We grant Mr. McCurdy leave to proceed *in forma pauperis.*

Mr. McCurdy seeks to proceed *in forma pauperis.* Following review of his sworn statement including his lack of assets while incarcerated and confirming he is not barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915, we grant him leave to proceed *in forma pauperis.*  He may proceed but shall pay the filing fees over time consistent with our accompanying Order.

Under 28 U.S.C. § 1915(e)(2)(B), Congress directs we dismiss a claim we find frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against

a defendant who is immune from such relief. We may dismiss a claim under section 1915(e)(2)(B)(i) when the claim is legally or factually frivolous.[6] A claim is legally frivolous "where '[none] of the legal points [are] arguable on their merits."[7] A claim is factually frivolous "where the claim's 'factual contentions are clearly baseless.'"[8]

When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B)(ii), we apply the same standard used under Federal Rule of Civil Procedure 12(b)(6).[9] "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] A claim which "offers 'labels and conclusions or 'a formulaic recitation of the elements of a cause of action will not do.'"[12] We are "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings . . . '"[13] However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."[14]

### B.     The Eleventh Amendment bars Mr. McCurdy from bringing claims against the correctional officers in their official capacity.

Mr. McCurdy does not plead whether he is suing the Secretary, Superintendent, and correctional officers in their personal or official capacities.   Before turning to personal liability, we must dismiss a claim against these Pennsylvania officials in their official capacity.

Mr. McCurdy may not sue these state actors in their official capacity.  The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[15] The Eleventh Amendment's jurisdictional bar to bringing suit in federal court against a state or one of its agencies or departments, in absence of consent, applies regardless of nature of relief sought.[16]

The Secretary, Superintendent, and correctional officers are employees of the Pennsylvania Department of Corrections, which is an executive department of the Commonwealth and entitled to Eleventh Amendment immunity.[17] Our Court of Appeals instructs Eleventh Amendment immunity extends to state officials in their official capacity.[18] Since Mr. McCurdy does not allege he is bringing his claim against the state actors only in their personal capacities, claims for monetary damages against these state actors in their official capacities must be dismissed.

### C.   Mr. McCurdy's loss of property is not a due process violation when he is afforded remedies through the meaningful grievance process.

Mr. McCurdy alleges a variety of claims but never mentions a federal statute or other basis for our subject matter jurisdiction.  We may liberally construe his *pro se* complaint against state actors as claiming they violated his civil rights under the Constitution, and he seeks to enforce his constitutional rights under the mechanism Congress provides in 42 U.S.C. § 1983. But he cannot state a claim for personal civil rights liability of the state actors within our limited subject matter jurisdiction even with the most liberal reading of his allegations.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[19] Federal courts sit not to supervise prisons but to enforce constitutional rights of all "persons," including prisoners.[20]

Mr. McCurdy does not expressly mention the Fourteenth Amendment, but he alleges the prison officials deprived him of, or harmed, his property.[21] To the extent Mr. McCurdy is asserting a due process claim under the Fourteenth Amendment, he is entitled to due process of law before state actors can deprive him of his "life, liberty, or property."[22]

"[A] individual may not assert a claim under section 1983 for even an intentional deprivation of the individual's property by a state employee, "if a meaningful post-deprivation

remedy for the loss is available."[23] In *Jackson*, a Pennsylvania prisoner sued several state prison employees for the loss of his personal property and legal materials during his transfer from SCI–Camp Hill and SCI–Fayette.[24] Our Court of Appeals affirmed Judge Kosik's dismissal because the prisoner did not have a civil rights claim arising from the alleged deprivation of property.[25] The prisoner took full advantage of the available grievance process, and the prison responded to each of his complaints and appeals.[26] Our Court of Appeals reasoned the prisoner had adequate state post-deprivation remedies available.[27]  He could not claim the state actors deprived him of due process and post-deprivation remedies.

In *Woodell*, an incarcerated man alleged prison officials deprived him of due process by damaging and losing his property during his transfer from SCI Graterford to SCI Phoenix.[28] Under the instruction of our Court of Appeals, Judge Smith held a few months ago the officers did not deprive the incarcerated man of his due process rights because Pennsylvania law provides adequate state remedies.[29] In foreclosing the due process claim, Judge Smith reasoned the "Pennsylvania Department of Corrections ... grievance procedure provides an[other] adequate post-deprivation remedy."[30]

Judge Goldberg applied this same reasoning a year earlier in *Adams* to an incarcerated man alleging a due process claim under the Fourteenth Amendment based on the intentional destruction of his property.[31] Judge Goldberg held the incarcerated man had no basis for a due process claim because Pennsylvania law provided him an adequate state remedy to seek compensation for his destroyed property.[32]

As in *Jackson* where the incarcerated man brought a civil rights claim after state actors allegedly lost personal property and legal materials during the same transfer from the closing of SCI-Graterford to the newly-opened SCI-Phoenix, Mr. McCurdy does not allege anything more

than the grievance process, which is not constitutionally required, did not resolve his lost property claim. He does not allege either facility denied him the opportunity to bring a claim, and even if he did,  he can pursue remedies under Pennsylvania law which can address non-constitutional issues.

In *Brock*, an incarcerated man lost clothing during transfer from SCI Graterford to SCI Phoenix.[33] After filing a grievance for his lost property, the incarcerated man alleged the superintendent did not answer his appeal, suspended the grievance process because of the number of inmate grievances about CERT's conduct, and other officials covered up the "criminal, unlawful and inhumane acts committed by CERT" by suspending the grievance process.[34] Judge Goldberg held the prisoner could not state a claim based on authorities' failure to investigate CERT's actions as there is no free-standing right to a government investigation.[35]

Our Court of Appeals instructs "[p]rison inmates do not have a constitutionally protected right to a grievance process."[36] Even if the prison grievance procedures were constitutionally inadequate, Pennsylvania's law provides an adequate remedy.[37] Prisoners must state a due process claim beyond a violation of the grievance process.[38]

Mr. McCurdy does not appear to allege either facility or an employee at either facility deprived him of the opportunity to file a claim with its grievance process. Mr. McCurdy claims he pursued his grievance to the DOC Central Office after the SCI Graterford and SCI Phoenix grievances processes resulted in a post-transfer cell investigation.[39] He does not allege the prison officials deprived him of the grievance process. And even if they did, he must still state remedies as incarcerated citizens are not constitutionally entitled to a certain grievance process.[40]

When an incarcerated person has meaningful post deprivation remedies available under state law, a prison guard's deprivation of property does not violate the due process clause under

the Fourteenth Amendment.[41]   In *Hudson*, a Virginia state prison guard destroyed an inmate's property during a shakedown. The Supreme Court held the Virginia state prison guard did not violate the inmate's due process rights since Virginia afforded state remedies.[42] The Court rejected the inmate's argument alleging he may not recover under state law remedies the full amount which he might receive in a civil rights action because the state officials' right to sovereign immunity.[43]

### D.      Mr. McCurdy may not amend.

We often allow a *pro se* plaintiff to amend if there is a possible claim.  We evaluated the possible claims which could possibly fall within our limited subject matter jurisdiction.

For example, Mr. McCurdy mentions deliberate indifference which is often short hand for an Eighth Amendment cruel and unusual punishment claim.   An Eighth Amendment violation occurs when a "sufficiently serious" deprivation exists, establishing deliberate indifference to inmate health or safety.[44] Deliberate indifference is commonly equated to recklessness, meaning an official is aware of and disregards a substantial risk to an *inmate's health or safety*.[45] The Court clarified deliberate indifference is acting or failing to act to a substantial risk of serious harm to a prisoner['s health and safety] is equivalent to. recklessly disregarding the risk.[46] In *Wongos*, Judge Rufe applied the Supreme Court's definition of deliberate indifference and held the alleged confiscation of a Pennsylvania state court prisoner's property did not deprive him of the necessities of life for purposes of an Eighth Amendment claim.[47] Since Mr. McCurdy does not state a claim asserting the prison guards alleged deprivation of his property poses a risk to his health or safety, he is not entitled to relief for a violation of his Eighth Amendment right.

Other incarcerated persons have tried to plead a claim under the Federal Tort Claims Act if federal officers played a role. Congress, through the Federal Tort Claims Act, provides post deprivation remedies for claims against typically immune state actors.[48] To proceed with this

claim, the incarcerated person may file (1) the claim with the agency whose member committed the tort, or (2) a suit under the Act with the United States as the only named defendant. Mr. McCurdy is ineligible for relief under the Act as he is suing state, not federal, officials.

Mr. McCurdy is not entitled to relief under the Act because he can seek relief under 42 Pa. Cons. Stat. Ann. § 8522(b)(3), which in its relevant part states, "[t]he following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by…[t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency."[49] Since Mr. McCurdy has a meaningful state court remedy, granting him leave to amend his complaint under the Act is improper.

**III.     Conclusion**

Mr. McCurdy may not proceed on a civil rights claim against Pennsylvania correctional officers allegedly involved in lost or harmed personal property when the Department of Corrections moved him from SCI-Graterford to SCI-Phoenix. Prison officials did not deprive him of a constitutionally protected right and he has meaningful state court remedies if he is unhappy with the Prison's grievance process.

We must dismiss Mr. McCurdy's complaint and decline to grant him leave to amend as there is no claim cognizable within our limited jurisdiction based on the plead facts.

---

[1] Complaint, ECF Doc. No. 1.

[2] Mr. McCurdy's handwritten allegations could also be interpreted as referring to a "Clark" and he names a Major Gena Clark as a defendant.

[3] The Corrections Emergency Response Team ("CERT") is a team of prison staff who moved the legal and personal property of incarcerated persons from SCI Graterford to SCI Phoenix in July

2018. *Brock v. Corr. Emergency Response Team*, No. 18-3814, 2020 WL 668271, at *3 (E.D. Pa. Feb. 10, 2020).

[4] ECF Doc. No. 1 at 2-3.

[5] *Id.*

[6] *Jorge v. Torres*, No. 18-14674, 2019 WL 2385942, at *1 (D.N.J. June 6, 2019) (citations omitted).

[7] *Id.*

[8] *Id.*

[9] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[10] *Illinois Nat. Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 653 F.3d 225, 230 (3d Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[12] *Id.* at 677 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[13] *Dooley v. Wetzel*, No. 19-1684, 2020 WL 1982194, at * 4 (3d Cir. Apr. 27, 2020) (citing *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[14] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

[15] U.S. Const. amend. XI.

[16] *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984) (citing *id.*).

[17] 71 Pa. Stat. and Cons. Stat. Ann. § 61(a) (West 2011).

[18] *Pennhurst State Sch. and Ho*sp., 465 U.S. at 99; *A.W. v. Jersey City Public Schs.,* 341 F.3d 234, 238 (3d Cir. 2003); *Adams v. Corr. Emergency Response Team*, No. 19-3301, 2019 WL 4074653, at *2 (E.D. Pa. Aug. 28, 2019).

[19] *Brock*, No. 18-3814, 2020 WL 668271, at *3 (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

[20] *Cruz v. Beto*, 405 U.S. 319, 321 (1972).

[21] ECF Doc. No. 1 at 3.

[22] U.S. Const. amend. XIV, § 1, cl. 3.

[23] *Woodell v. Pa.D.O.C. Sec'y of Corr.*, No. 18-4430, 2020 WL 2841380, at \*13 (E.D. Pa. June 1, 2020) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

[24] *Jackson v. Whalen*, 568 F. App'x 85, 86-87 (3d Cir. 2014).

[25] *Id.* at 87.

[26] *Id.*

[27] *Id.*

[28] *Id.* at \*2.

[29] *Id.* at \*13 (citing *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that Pennsylvania Tort Claims Act, 42 Pa. C.S. §§ 8541-8546, provides an adequate remedy for willful deprivation of property claim).

[30] *Id.* (citing *Cruz v. SCI-SMR Dietary Servs.*, 566 F. App'x 158, 160 (3d Cir. 2014) (per curiam) (citations omitted)).

[31] *Adams*, 2019 WL 4074653, at \*3.

[32] *Id.* (citing *Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." (citations omitted))).

[33] *Brock*, No. 18-3814, 2020 WL 668271, at \*1, 3.

[34] *Id.* at \*2.

[35] *Id.* at \*3 ("To the extent that Brock is again alleging that authorities have not investigated the abuses that occurred during the transfer, that claim fails, as there is no free-standing right to a government investigation.") (citing *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003)).

[36] *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005); *see also McGuire v. Forr*, No. 94-6884, 1996 WL 131130, at \*1 (E.D. Pa. Mar. 21, 1996), *aff'd*, 101 F.3d 691 (3d Cir. 1996) (holding even if defendants denied plaintiff an adequate grievance process, the claim would still fail).

[37] *Hernandez v. Corr. Emergency Response Team*, 771 F. App'x 143, 145 (3d Cir. 2019) (citing 42 Pa. Cons. Stat. Ann. § 8522(b)(3)).

[38] 42 Pa. Cons. Stat. Ann. § 8522(b)(3) (West. 2019).

[39] ECF Doc. No. 1 at 5.

[40] *Jackson*, 145 F. App'x at 777.

[41] *Hudson v. Palmer*, 468 U.S. 517, 518 (1984).

[42] *Id.*

[43] *Id.*

[44] *Wongus v. Corr. Emergency Response Team*, 389 F. Supp. 3d 294, 300 (E.D. Pa. 2019).

[45] *Id.*  (emphasis added).

[46] *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).

[47] *Wongus*, 389 F. Supp. 3d at 300.

[48] 28 U.S.C.A. § 2671 (West 2000).

[49] 42 Pa. Cons. Stat. Ann. § 8522(b)(3) (West 2019).